# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **STEVEN WADE BIGHAM,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. CIV 15-488-RAW-KEW** |
| | ) | |
| **JOE ALLBAUGH, DOC Director,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This action is before the Court on the respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, attacks his conviction and sentence in McIntosh County District Court Case No. CF-2011-52 for Rape in the First Degree (Count 1), Forcible Oral Sodomy (Count 2), Rape in the First Degree by Instrumentation (Count 3), and Intimidation of a Witness (Count 4).

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

01/08/2014     Petitioner's judgment and sentence was affirmed in *Bigham v. State*, No. F-2012-997 (Okla. Crim. App. Jan. 8 2014).

04/08/2014     Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court.

01/08/2015     Petitioner filed an application for post-conviction relief in the McIntosh County District Court.

04/23/2015     The state district court denied Petitioner's application for post-conviction relief.

07/06/2015     The denial of Petitioner's application for post-conviction relief was affirmed in Bigham v. State, No. PC-2015-488 (Okla. Crim.

App. July 6, 2015).

12/07/2015   Petitioner filed this petition for a writ of habeas corpus, pursuant to the federal mailbox rule.

Section 2244(d) provides that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final on April 8, 2014, ninety days after the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction on direct appeal. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). Pursuant to the AEDPA, Petitioner's statutory year began on April 9, 2014, and expired on April 9, 2015. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). *See* 28 U.S.C. § 2244(d)(1)(A).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed a post-conviction application regarding his conviction on January 8, 2015, and the OCCA affirmed the denial of relief on July 6, 2015. Therefore, the deadline for filing this habeas action was extended 179 days until October 5, 2015. Pursuant to the federal mailbox rule of *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988), the petition was filed on December 7, 2015.[1]

Petitioner argues that the extraordinary circumstances of institutional lockdowns at his facility prevented him from filing a timely habeas petition, and he therefore is entitled to equitable tolling (Dkt. 12, 13). He claims he is ignorant of the law, and because of the nature of his crimes, he did not find an inmate law clerk who would assist him with post-conviction proceedings until November 2014 (Dkt. 12 at 2). In addition, the Innocence Project allegedly was researching his case and directed him not to file anything.

"[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 981 (1998). Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928

---

[1] Although Petitioner claims the petition was "only 33 days late" (Dkt. 12 at 5), it actually was 63 days late.

(2007) (citations omitted). Petitioner must make a specific showing of (1) lack of access to relevant materials and (2) the steps taken to diligently pursue his federal claims. *See Miller*, 141 F.3d at 978.

Petitioner has submitted a document dated February 3, 2016, stating that incidents of gang activity affected the law library at Cimarron Correctional Facility on 93 days from June through October 2015 (Dkt. 15 at 3). Because only one gang affiliation could be allowed in the library at one time, "all inmates were restricted to one hour per week in the library." *Id.* The document has the typed name of "Jim Hollarn, Principal" as the purported author, but there is no actual signature or notarization. *Id.* The document also states that several inmates have missed deadlines because of gang violence and the resulting safety precautions. *Id.* In addition, Petitioner has submitted his own affidavit asserting the inmates at his facility were allowed only 16 days of library access from June to December (Dkt. 15 at 1). He does not explain the discrepancy between the two documents.

Petitioner alleges he diligently pursued his claims, and when the law clerk advised him of the AEDPA deadline, he filed his first petition for a writ of habeas corpus in this Court in *Bigham v. Patton*, No. CIV 14-539-RAW-KEW (E.D. Okla. Dec. 10, 2014) (Dkt. 16). He asked the Court to hold that case in abeyance, because he needed to exhaust certain claims in a post-conviction proceeding. The Court denied the request, because he had not shown good cause for his one-year delay in initiating a post-conviction action. Rather than proceed with the mixed petition or dismiss the unexhausted claims, Petitioner filed a motion to dismiss that entire petition without prejudice, which was granted on April 20, 2015. Petitioner's first habeas corpus petition did not toll the AEDPA's statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The OCCA denied Petitioner's post-conviction appeal on July 6, 2015, leaving him 92 days until October 5, 2015, to file a second habeas petition. The respondent argues that after the OCCA denied the post-conviction appeal, "all that was required of Petitioner was to re-present the very same claims in a federal habeas corpus petition" (Dkt. 14 at 2). The

respondent further asserts Petitioner has failed to set forth the specifics concerning his alleged lack of access to legal materials or assistance. *Id.* at 3. A similar situation was discussed in *Parker v. Jones*, 260 Fed. Appx. 81, 2008 WL 63304 (10th Cir.) (unpublished), *cert. denied*, 553 U.S. 1082 (2008):

> [Petitioner] offered no specifics regarding his alleged lack of access to legal materials or assistance. And, standing alone, it is beyond peradventure that such vague allegations will not justify equitably tolling the limitations period. *See Miller*, 141 F.3d at 978 (noting that petitioner "has provided no specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claims").

*Parker*, 260 Fed. Appx. at 85. *See also Holmes v. Jones*, No. CIV-2009-512-D, 2009 WL 5216907, at *7 (W.D. Okla. Dec. 29, 2009) ("[T]he lack of library access as a result of a lockdown does not automatically entitle a petitioner to equitable tolling. To show that such a lack of library access posed an impediment, Petitioner must specifically show the steps he has taken to pursue his claims."). Because Petitioner has failed to meet this burden, the Court finds he is not entitled to equitable tolling based on the institutional lockdowns.

Petitioner also claims his actual innocence overcomes the time bar. "A claim of actual innocence may toll the AEDPA statute of limitations." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). Successful actual innocence claims are rare due to the strong evidentiary requirements for such claims. *See McQuiggen v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1928, 1931, 1936 (2013); *House v. Bell*, 547 U.S. 518, 538 (2006).

The Court finds Petitioner has failed to explain the specifics of his alleged actual innocence or to present evidence beyond his own conclusory statements to support an actual innocence claim. The first proposition in his petition raises, at most, a claim of insufficient evidence, and it does not amount to a colorable showing of factual innocence. Petitioner is asserting legal insufficiency as to the State's evidence rather than factual innocence and, thus, does not properly invoke the actual innocence equitable exception. *See Craig v.*

*McCollum*, No. 14-5068, 590 Fed. Appx. 723, 726 (10th Cir. 2014) (unpublished). The Court, therefore, finds Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations imposed by 28 U.S.C. § 2244(d).

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY,** the respondent's motion to dismiss time-barred petition (Doc. 8) is GRANTED, Petitioner's motion to grant petition because of extraordinary circumstances (Dkt. 13) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 29th day of August 2016.

**Dated this 29th day of August, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma